# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

July 29, 2026

**LETTER OPINION**

**Re:** ***Ranta v. United States***
**Civil Action No. 25-14489 (JXN)(JRA)**

Dear Parties:

Before the Court is Defendant United States of America's ("Government") motion to dismiss Plaintiff Joshua Allen Ranta's ("Plaintiff") complaint under Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6). (Mot. to Dismiss, ECF No. 9.) Plaintiff opposed (Pl.'s Opp'n, ECF No. 10), and the Government replied (Gov't Reply, ECF No. 16). Also before the Court is Plaintiff's motion to file a sur-reply. (Pl.'s Sur-Reply Mot., ECF No. 17.) The Court has carefully considered the parties' submissions, and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated below, the Government's motion to dismiss is **GRANTED**, and Plaintiff's motion for leave to file a sur-reply is **DENIED**.

Plaintiff is the trustee of the JAR Revocable Living Trust ("Trust"). (*See* Compl. at *1,[2] ECF No. 1.) As trustee, he sought a $2.3 billion tax refund for the Trust from the Internal Revenue Service ("IRS"). (*Id.* at *1–2.) The IRS did not refund Plaintiff the requested $2.3 billion. (*Id.*) So, Plaintiff sued the Government on behalf of the Trust under 26 U.S.C. § 7433. (*See generally id.*)

The Government moved to dismiss, arguing that (1) the Court lacks subject matter jurisdiction because failing to grant a refund is not a cognizable § 7433 claim; (2) Plaintiff cannot represent the Trust *pro se*; (3) Plaintiff failed to exhaust his administrative remedies; and (4) Plaintiff's refund claim is frivolous. (*See* Gov't Moving Br., ECF No. 9-1.)

Because representation is a threshold issue, the Court need only consider whether Plaintiff may litigate this action on behalf of the Trust *pro se*. The Court concludes he cannot.

Parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted). "[T]hat rule applies equally to all artificial entities." *Id.* at 202.

---

[1] Hereinafter "Rule" or "Rules."

[2] Pincites preceded by an asterisk (*) use ECF page numbers.

Accordingly, the Trust "cannot represent itself" in federal court. *Living Tr. of Lukunda Muhammad v. Shelton*, No. 24-3178, 2025 WL 1409475, at *1 (3d Cir. May 15, 2025). And Plaintiff, a non-lawyer, "may not represent a trust *pro se* before this Court." *Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006); *see Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (holding "the District Court did not err in dismissing Marin's claims on behalf of the trust, for the court correctly held that he cannot pursue these claims *pro se*.").

Plaintiff's argument to the contrary is unavailing. He claims he is "not representing any third-party entity," but is simply "the real party in interest acting in his fiduciary capacity as trustee." (Pl.'s Opp'n at *7.) This is precisely the problem. Plaintiff brought this lawsuit *in his capacity as trustee*. He may not do so without counsel. *Marin*, 337 F. App'x at 219.

Because Plaintiff may not continue litigating this case without counsel, the Government's motion to dismiss is **granted** and the Complaint is **dismissed *without prejudice***. Should Plaintiff wish to proceed, an attorney licensed to practice before this Court must enter an appearance on Plaintiff's behalf and file an amended pleading within sixty (60) days.

If Plaintiff timely obtains counsel and files an amended complaint, the Government may file a renewed motion to dismiss without first seeking a pre-motion conference. If Plaintiff does not timely secure counsel and file an amended complaint, however, the Court may dismiss this action *with prejudice* for failure to prosecute. *See Shelton*, 2025 WL 1409475, at *1 ("District Courts have authority—both inherent and by virtue of [Rule] 41(b)—to dismiss an action *sua sponte* when a litigant fails to comply with court orders or otherwise fails to prosecute.").

Finally, the Court **denies** Plaintiff's motion for leave to file a sur-reply. "The Court typically does not consider new arguments in a reply brief." *Liebowitz v. Richman*, No. 21-16538, 2022 WL 1200805, at *7 (D.N.J. Apr. 22, 2022). Here, the Government's reply did not raise any new arguments. Nor did the Court consider any arguments raised in the reply. The Government addressed the representation issue in its moving brief (*see* Gov't Moving Br. at 4–5), which Plaintiff opposed (Pl.'s Opp'n at *6–7).

An appropriate Order accompanies this Memorandum Opinion.

**JULIEN XAVIER NEALS**
United States District Judge