**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA-ALLEN RANTA, *Trustee of the JAR Revocable Living Trust*<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY–INTERNAL REVENUE SERVICE<br><br>Defendants. | Civil Action No. 25-14489 (JXN)(JRA)<br><br>**OPINION & ORDER** |

**NEALS**, District Judge

*Pro se* Plaintiff Joshua-Allen Ranta ("Plaintiff") sued the Internal Revenue Service ("IRS") as trustee of the JAR Revocable Living Trust ("Trust"). Citing the well-established rule that a trustee cannot represent a trust *pro se* in federal court, the Court dismissed Plaintiff's complaint without prejudice and gave him sixty days to find counsel. Plaintiff, still acting *pro se* on behalf of the Trust, moves for reconsideration. (ECF No. 24.) Defendant United States of America ("Government") opposed. (ECF No. 25.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiff is the trustee of the Trust. (*See* Compl. at *1,[2] ECF No. 1.) As trustee, he sought a $2.3 billion tax refund for the Trust from the IRS. (*Id.* at *1–2.) The IRS did not refund Plaintiff his requested $2.3 billion. (*Id.*) So, Plaintiff sued the Government on behalf of the Trust under 26 U.S.C. § 7433. (*See generally id.*)

The Government moved to dismiss, arguing that (1) the Court lacks subject matter jurisdiction because failing to grant a refund is not a cognizable § 7433 claim; (2) Plaintiff cannot represent the Trust *pro se*; (3) Plaintiff failed to exhaust his administrative remedies; and (4) Plaintiff's refund claim is frivolous. (*See* Gov't Moving Br., ECF No. 9-1.) In opposition, Plaintiff argued he is not representing the Trust; rather, he is "the real party in interest acting in his fiduciary capacity as trustee." (Pl.'s Opp'n at *7.)

On July 29, 2026, the Court granted the Government's motion to dismiss. At the threshold, the Court restated the centuries-long rule barring artificial entities from representing themselves *pro se* in federal court. (Letter Op. at 1–2, ECF No. 22.) The Court further observed a non-lawyer trustee may not represent a trust *pro se* before this Court. (*Id.* at 2.) Because Plaintiff was a non-lawyer attempting to represent a trust, the Court dismissed the Complaint without prejudice and provided sixty days to find counsel. (*See generally id.*)

Plaintiff, still appearing *pro se*, moved for the Court to reconsider the dismissal of the complaint. (*See* Recons. Mot., ECF No. 24.) Plaintiff argues the Court failed to consider whether the Trust is a "separate juridical entity." (*Id.* at *7.) Plaintiff asserts that, "a traditional revocable grantor trust, whose living grantor retains the power to revoke the trust, controls the property, serves as the present trustee, and remains the present recipient of income and principal," is not a

[2] Pincites preceded by an asterisk (*) use ECF page numbers.

"separate juridical litigant" and may appear through its *pro se* trustee. (*Id.* at *5.) The Government opposed. (Gov't Opp'n to Recons., ECF No. 25.)

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. Reconsideration is "an extraordinary remedy" courts grant "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482 (D.N.J. 2002) (citations omitted). The Court may grant a motion for reconsideration if the moving party shows (1) "an intervening change in the controlling law"; (2) "the availability of new evidence that was not available when the court granted the motion"; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (quoting *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017)).

A motion for reconsideration "is not an appeal." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The moving party may not "relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2026 WL 800530, at *2 (D.N.J. Mar. 23, 2026) (citation omitted). The Court will not grant a reconsideration motion based on "[m]ere disagreement with a decision of the District Court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Rather, the Court will grant a reconsideration motion "only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

## III. DISCUSSION

The Court preliminarily notes that Plaintiff impermissibly uses his reconsideration motion to "raise new arguments" and "present evidence or allegations that could have been raised prior to

entry of the original order." *Bosco*, 2026 WL 800530, at *2. In opposition to the Government's motion to dismiss, Plaintiff argued, in cursory fashion, that he was "asserting a personal legal duty owed to the Trust, not litigating on behalf of a separate client." (Pl.'s Opp'n at *7.) He made no mention of the nature of the Trust, his specific duties to the Trust, or a supposed distinction between living trusts and other trusts. (*See generally id.*) Plaintiff cannot do so now.

In any event, Plaintiff offers no basis for the Court to reconsider its earlier decision. Viewing his motion liberally, Plaintiff appears to argue that reconsideration is warranted to "correct a clear error of law or fact or to prevent manifest injustice." *Adkins*, 820 F. App'x at 149. A court makes a clear error of law "only if the record cannot support the findings that led to the ruling." *In re Insulin Pricing Litig.*, No. 17-699, 2025 WL 2717592, at *2 (D.N.J. Sept. 24, 2025) (citation omitted).

Plaintiff's inability to represent the Trust *pro se* is clear as a matter of law. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This rule "applies equally to *all* artificial entities," including trusts. *Id.* at 202 (emphasis added); *see also In re Filus*, No. 26-1019, 2026 WL 788892, at *2 n.1 (3d Cir. Mar. 20, 2026) (holding that "trusts 'may appear in federal courts only through licensed counsel.'" (citation omitted)); *Living Tr. of Lukunda Muhammad v. Shelton*, No. 24-3178, 2025 WL 1409475, at *2 (3d Cir. May 15, 2025); *In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014); *Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009); *Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006). Plaintiff has not identified any case where a court allowed a non-attorney trustee to represent a trust *pro se*.[3]

[3] Plaintiff cites *Americold Realty Trust v. Conagra Foods, Inc.* for the proposition that "[t]raditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." 577 U.S. 378, 383 (2016).

That Plaintiff seeks to represent a *revocable living trust* is a distinction without a legal difference. A living trust "is an entity and cannot represent itself and/or have a representative of the trust act *pro se*." *Living Tr. of Lukunda Muhammad*, 2025 WL 1409475, at *1. Plaintiff unquestionably acts on behalf of the Trust. He filed the Trust's tax returns (*see* ECF No. 1-1 (tax returns)), requested $2 billion in refunds for the Trust (*see id.*), and sued the Government after the IRS did not refund $2 billion *to the Trust*, (*see* Compl.) Moreover, the Complaint expressly states Plaintiff acts "in [a] fiduciary capacity for the [Trust]." (*Id.* at *2.) Plaintiff cannot do so *pro se*.

As the Court previously held, Plaintiff may not represent his Trust in federal court *pro se*. This action may proceed only if Plaintiff retains counsel by September 28, 2026.[4]

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 24) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 9/14/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

But *Americold* has no bearing on whether a non-lawyer trustee can represent a trust *pro se*. There, the Supreme Court considered a trust's citizenship in the context of diversity jurisdiction. *Id.* at 379 ("This case asks how to determine the citizenship of a 'real estate investment trust,' an inanimate creature of Maryland law."). That case had nothing to do with *pro se* representation of artificial entities. The Court cannot fashion a lone sentence from an unrelated case into a new rule that upsets two hundred years of settled law.

[4] The Court will not accept supplemental representational filings from Plaintiff unless and until he finds counsel.